UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN BROMWELL,)
)
    Petitioner,)
)
v.) No. 4:18-cv-94-ACL
)
JEFF NORMAN,)
)
    Respondent.)

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Kevin Bromwell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive, and will be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

In the instant petition, petitioner challenges his 1991 convictions and sentences in *State v. Kevin Bromwell*, Case No. 22881-01619 (22nd Jud. Cir. Jun. 13, 1991). There, petitioner was convicted of second degree murder, first degree arson, and first degree burglary, and sentenced to consecutive terms of 30 years on each charge. Petitioner sought relief in state court, and then filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. On April 16, 1998, the petition was denied on its merits. *Bromwell v. Dormire*, Case No. 4:97-cv-747-CEJ (E.D. Mo. 1998), *application for certificate of appealability denied*, Slip Op. 98-2513 (8th Cir. 1998).

To the extent that petitioner seeks to re-litigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that

petitioner seeks to bring new claims for habeas relief in this Court, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit.  28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.  As a result, the petition shall be dismissed.

The Court has considered whether to issue a certificate of appealability.  To do so, the Court must find a substantial showing of the denial of a federal constitutional right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DISMISSED**.  A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Dated this 5<u>th</u> day of April, 2018.

                                                    STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE